JuncfE Owsley
delivered the,(Opinion.
This writ of-error is brought to reverse a judgment recovered bj Ross in au action of trespass, brought by him, against HutchesoD, for the taking of a wheeled riding carriage.
The trial Was had in the circuit court on the general issue.
The trespass complained of was proven to consist in the taking of the carriage by Hutcheson, who was a deputy sheriff, under an attachment which issued from a justice of the peace against the estate of Ross’s father, as an absconding debtor ; and evidence was introduced by Ross to prove that the carriage was made for him to carry bis mother and sisters to Missouri, and that under an agreement between him and the carriage maker, he executed his note for the price of the carriage, and that his father, mother and sisters rode in the carriage to Bourbon county, from whence the latter intended going to Missouri, and at which place the carriage was taken by Hutcheson, the deputy sheriff, under the attachment against the estate of Ross’s father. Gn the part of Hutcheson, testimony was introduced conducing to shew that in point of fact the *491 carriage was the property of the father, anti that there was a fraudulent combination between him and the son to prevent the creditors of the father from the collection of their demands.
The proper-°j.an ab‘ debtor ts subject to at-gar<j t0 t¿. possession being in ano-UieIi
After the evidence was introduced on both sides, the court instructed the jury, that unless they believed the carriage was the property of the plaintiff, they were bound to find for the defendant, unless they should also believe the plaintiff was in possession of the carriage when it was taken by the defendant under the attachment.
The correctness of these instructions is the only question which will be noticed by this court. Other questions were made in the circuit court, but we perceive no solid objection to the decision of them there. But as to the instructions which were given, we cannot accord with that court. We are unable to pwceive how, as that court seems to have supposed, the circumstance of the plaintiff’s possession should effect the decision of the jury, if, in truth, the carriage was not his property. If the carriage was not the property of the plaintiff, it is perfectly clear, from the evidence, that it must have been the property of the father, against whom the attachment issued, and if the property pf the father, it was, no doubt, liable to the attachment, and for taking it under the attachment, the son, though possessed, could have no right of suit against the officer. The propriety of the jury finding for the defendant, should not, therefore, have been made by the instructions of the court in any manner to torn upon the possession of the carriage by the plaintiff, but upon the opinion which the jury might entertain as to his right of property in it.
The judgment must consequently be reversed with cost, the cause remanded, and further proceedings had not inconsistent with this opinion.